E-FILED
Thursday, 11 July, 2019  05:07:43 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| LEGACY ROOFING & RESTORATION, LLC, as assignee of NEW HORIZON UNITED METHODIST CHURCH | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  19-cv-2185 |
| v. | ) ) | |
| CHURCH MUTUAL INSURANCE COMPANY FOUNDATION, INC., | ) ) ) | *Removed from the Circuit Court of the Sixth Judicial Circuit Court, Champaign County, Illinois Case No. 2019-L-000072* |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, Defendant, CHURCH MUTUAL INSURANCE COMPANY FOUNDATION, INC. ("CMICF"), by and through its undersigned counsel, HeplerBroom, LLC, hereby removes this action from the Sixth Judicial Circuit Court of Champaign County, Illinois, to the United States District Court for the Central District of Illinois.  In support of its notice of removal, Defendant states the following:

1.     On June 10, 2019, Plaintiff, Legacy Roofing, & Restoration, LLC ("Legacy") filed Case No. 2019-L-000072 in the Sixth Judicial Circuit Court, Champaign County, Illinois.  (A true and accurate copy of the summons and complaint is attached and incorporated as Ex. A).

2.     In its complaint, Plaintiff alleges, *inter alia,* causes of action against CMICF for breach of contract and relief under Section 155 of the Illinois Insurance Code, arising out of a claim for property insurance benefits.   (Ex. A)

3.     At all times relevant, Plaintiff, Legacy, was a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business located at

1001 Dewitt Avenue in Mattoon, Illinois.  (Ex. A, ¶2; *see also* true and accurate copies of the Illinois Secretary of State records, which are attached and incorporated as Ex. B).

4.      At all times relevant, Plaintiff had two members – Kayleb Charles Burritt and Amanda Rose Cleys.  (Ex. A, ¶2(a)-(b); see also, Ex. B, pg. 2)

5.      Plaintiff, Legacy, alleges that it is the assignee of New Horizon United Methodist Church ("NHUMC"), and NHUMC was the named insured on a policy of property insurance for the period February 21, 2016 through February 21, 2019.  (Ex. A, ¶¶8, 21)

6.      At all times relevant, Plaintiff's alleged assignor, NHUMC, was a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 3002 W. Bloomington Boulevard in Champaign, Illinois. (Ex. A, ¶1; *see also* a true and accurate copy of the Illinois Secretary of State records, which are attached and incorporated as Ex. C).

7.      At all times relevant, Defendant, CMICF, was a corporation duly organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 3000 Schuster Lane in Merrill, Wisconsin.  (Ex. A ¶3; see also a true and accurate copy of the Wisconsin Department of Financial Institutions Corporate Records for CIMCF, which is attached and incorporated as Ex. D)

8.      Defendant was served with a copy of the summons and complaint on June 27, 2019. (Ex. A, pg. 1)

9.      No orders have been entered in the state court action, nor is any status or case management conference scheduled per the current docket sheet.  (A true and accurate copy of the State Court Docket Sheet is attached and incorporated as Ex. E).

10.      This Notice of Removal is filed within thirty (30) days after CMICF's receipt of the summons and complaint on June 27, 2019. Thus, the notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1).

### *Complete Diversity*

11.      The Plaintiff, Legacy, is an Illinois limited liability company with its principal place of business located in Mattoon, Illinois.  (Ex. A, ¶ 2; *see also* Ex. B, pg. 1)

12.      The citizenship of a limited liability company for diversity purposes is the citizenship of each of its members. Belleville Catering Co. v. Champaign Mkt. Place, L.L.C., 350 F.3d 691, 692 (7th Cir.2003).

13.      At all times relevant, Plaintiff had two members – Kayleb Charles Burritt and Amanda Rose Cleys.  (Ex. A, ¶2(a)-(b); see also, Ex. B, pg. 2)

14.      Citizenship for diversity purposes is determined by a party's domicile.  Gilbert v. David, 235 U.S. 561, 569 (1915); *see also* Pollution Control Indus. of Am., Inc. v. Van Gundy, 21 F.3d 152, 155 (7th Cir.1994).

15.      At all times relevant, and as alleged in its complaint, Kayleb Charles Burritt maintained his domicile in Illinois and is therefore a citizen of the State of Illinois.  (Ex. A, ¶2(a))

16.      At all times relevant, and as alleged in its complaint, Amanda Rose Cleys maintained her domicile in Illinois and is therefore a citizen of the State of Illinois.  (Ex. A, ¶2(b))

17.      At all times relevant, the Plaintiff's assignor, NHUMC, was an Illinois corporation with its principal place of business located in Champaign, Illinois and therefore a citizen of the State of Illinois. (Ex. A, ¶1; Ex. C)

18.      At all times relevant, Defendant, CMICF was a Wisconsin corporation with its principal place of business located in Merrill, Wisconsin and therefore a citizen of the State of Wisconsin. (Ex. D, pg. 1)

19.     At all times relevant, and for purposes of this Court's jurisdiction, Plaintiff, Legacy, along with its assignor, NHUMC were citizens of Illinois, while Defendant was a citizen of Wisconsin and therefore, complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(c)(1).

### *Amount in Controversy Satisfied*

20.     As set forth in its complaint, and accompanying Ill. Sup. Ct. R. 222(b) affidavit, Plaintiff seeks in excess of $50,000.00, plus consequential damages in its contract count.  (Ex. A, ¶¶27, 32, 34, *see also,* Demand for Relief).

21.     Additionally, Plaintiff's complaint also lodges a cause of action for putative violations of Section 155 of the Illinois Insurance Code.  (Ex. A, ¶¶41-44)

22.     When a statutory penalty is sought as part of an underlying claim, it is properly considered part of the amount in controversy even if the statute labels the penalty as a "cost." El v. AmeriCredit Fin. Servs., Inc., 710 F.3d 748, 753 (7th Cir.2013); Mo. State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933); *see also* Jump v. Schaeffer & Associates Insurance Brokerage, Inc., 123 F. App'x 717 (7th Cir.2005) [Section 155 damages are properly considered as part of the amount in controversy].

23.     The statutory language of Section 155 provides that upon a finding of vexatious and unreasonable delay or action in connection with the underlying insurance claim, the Court may award reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action. <u>215 ILCS 5/155(1).</u>

24.     Accordingly, for purposes of the amount in controversy analysis, the contract count of Plaintiff's complaint contains a prayer for relief of at least $50,000.  (Ex. A, Demand for Relief)  Applying the damage calculus of Section 155 (the lesser of 60% of the contract damages or $60,000) to the actual $50,000 *ad damnum* figure set forth in the complaint results in an additional $30,000 to be considered as part of the amount in controversy.  In other words, at a minimum, the amount in controversy is $80,000 [$50,000 from the contract count and another $30,000 from the Section 155 count].  (Ex. A, ¶¶27, 32, 34, *see also,* Demand for Relief; *see also* <u>Jump v. Schaeffer & Associates Insurance Brokerage, Inc.</u>, 123 F. App'x at 720)

25.     Further, in connection with the underlying property insurance claim, upon which the pending complaint is based, Plaintiff's assignor and its public adjuster estimated and claimed contract damages in the amount of $509,254.97.  (A true and accurate copy of Premier Claims' damage estimate is attached and incorporated as Ex. F)

26.     Insofar as the complaint does not establish the amount in controversy, Defendant can use other evidence. <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 536, 541–42 (7th Cir.2006); *see also,* <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 427–28 (7th Cir.1997).

27.     When the plaintiff provides little information about the value of his claims, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. <u>Oshana v. Coca–Cola Co.</u>, 472 F.3d 506, 511 (7th Cir.2006) (citing <u>Rubel v. Pfizer, Inc.</u>, 361 F.3d 1016, 1020 (7th Cir.2004)).

28.    Here, and to the extent that a fixed *ad damnum* figure cannot be gleaned from the complaint, Defendant submits the underlying claim for property insurance benefits of $509,254.97, upon which the contract count of the pending lawsuit is based, well exceeds the $75,000 jurisdictional threshold required by 28 U.S. Code § 1332(a). (Ex. F, pg. 10)

29.    Based on the above, the amount in controversy is in excess of $75,000, and the matter is between citizens of different states, and therefore the instant dispute is properly removable pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

30. After filing the original notice of removal, Defendant, CMICF will provide written notice of the same to Plaintiff and the Clerk of the Sixth Judicial Circuit Court, Champaign County, Illinois. (True and accurate copies of the Notice to State Court and Notice to Opposing Counsel are attached and incorporated as Exs. G and H)

WHEREFORE, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant, CHURCH MUTUAL INSURANCE COMPANY FOUNDATION, INC., hereby removes this case from the Sixth Judicial Circuit Court, Champaign County, Illinois, to the United States District Court for the Central District of Illinois, for all further proceedings in this matter.

Respectfully submitted,

CHURCH MUTUAL INSURANCE
COMPANY FOUNDATION,

By:    /s/ James P. DuChateau_____
One of its Attorneys

Rick Hammond, Esq.
James P. DuChateau, Esq.
HEPLER BROOM, LLC
30 N LaSalle St., Ste. 2900
Chicago, Illinois 60602
Phone No. (312) 230-9100
Fax No. (312) 230-9201
Email:  rick.hammond@heplerbroom.com
Email: james.duchateau@heplerbroom.com
***COUNSEL FOR CHURCH MUTUAL***

## CERTIFICATE OF SERVICE

I, James P. DuChateau, hereby certify that on July 11, 2019 a true and correct copy of ***Church Mutual Insurance Company Foundation, Inc.'s Notice of Removal*** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the all counsel of record who have heretofore appeared in this matter.

/s/ James P. DuChateau