## SIXTH JUDICIAL CIRCUIT COURT FOR CHAMPAIGN COUNTY
## STATE OF ILLINOIS

LEGACY ROOFING & RESTORATION, )
L.L.C., as assignee of NEW HORIZON )
UNITED METHODIST CHURCH, )
)
Plaintiff, )
)
v. )   Case No.: 2019L000072
)
CHURCH MUTUAL INSURANCE )
COMPANY FOUNDATION, INC., )
)
Defendant. )

**SERVED THIS** 27th **DAY OF** June, 20 18
TIME 9:10 A.M.
MANNER In Person
PLACE City of Merrill
Ken Schneider
Sheriff-Lincoln County
By ____ #176
Deputy Sheriff

**SERVE**

### SUMMONS

To Defendant: Church Mutual Insurance Company Foundation, Inc.
c/o Michael M. Smith, Registered Agent
3000 Schuster Ln.
Merrill, WI  54452

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

To the officer: Sheriff of Lincoln County

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

(Seal of Court)
CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY ILLINOIS

WITNESS  6/20/2019 , 2019

_____ JH
Clerk of Court

Joshua A. Humbrecht
Reg. #6300072
Hassakis & Hassakis, P.C.
Attorneys for Plaintiff
P.O. Box 706
Mt. Vernon, IL 62864
Phone: (618) 244-5335
Fax: (618) 244-5330
Email: jhumb@hassakislaw.com

Date of Service: _____, 2019
(To be inserted by officer or copy left with defendant or other person.)

```
                    ( Service and return ...................................$_____
                    (
SHERIFF'S FEES      ( Miles_____ ...........................$_____
                    (
                    ( Total.................................................$_____
                                    _____
                                    Sheriff of _____ County
```

I certify that I served this summons on defendants as follows:

**(a)-(Individual defendants – personal):**
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant).

_____
_____
_____
_____

**(b)-(Individual defendants – abode):**
By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person).

_____
_____

_____ and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(c)-(Corporate defendants):**
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of Service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(d)-(Other service):**
_____
_____

_____, Sheriff of _____ County

By: _____
                (Deputy)



**FILED**
SIXTH JUDICIAL CIRCUIT
6/10/2019 4:57 PM
By: JH

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## SIXTH JUDICIAL CIRCUIT COURT FOR CHAMPAIGN COUNTY
## STATE OF ILLINOIS

| | |
|---|---|
| **LEGACY ROOFING & RESTORATION, L.L.C.,** as assignee of **NEW HORIZON UNITED METHODIST CHURCH,** | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2019L 000072 ) |
| **CHURCH MUTUAL INSURANCE COMPANY FOUNDATION, INC.,** | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

### PLAINTIFF'S ORIGINAL COMPLAINT

Legacy Roofing & Restoration, L.L.C. ("Legacy Roofing") as assignee of New Horizon United Methodist Church ("New Horizon UMC"), by and through counsel, files Plaintiff's Original Complaint against Church Mutual Insurance Company Foundation, Inc. ("Church Mutual") pursuant to the Federal Rules of Civil Procedure. Supporting this Original Complaint, New Horizon UMC respectfully shows this Honorable Court as follows:

### I. PARTIES

1. Plaintiff, New Horizon UMC, by and through its assignee, Legacy Roofing, is a non-profit corporation organized and existing under Illinois law. The member of New Horizon UMC is Sara Easter, who is domiciled in Illinois.

2. Plaintiff, Legacy Roofing, assignee of New Horizon UMC, is a limited liability company organized and existing under Illinois law. The members of Legacy Roofing are as follows:

    a. Kayleb Charles Burritt, who is domiciled in Illinois; and

    b. Amanda Rose Cleys, who is domiciled in Illinois.

3. Defendant, Church Mutual is a foreign insurance company organized and existing as a

Wisconsin corporation, whose principal place of business is 3000 Schuster Lane, Merrill, Wisconsin 54452.[1] Upon information and belief, Church Mutual is authorized to do and does business within Illinois and this Honorable Court's jurisdiction. Church Mutual may be served through its registered agent, Michael M. Smith, at 3000 Schuster Lane, Merrill, Wisconsin 54452.

## II. JURISDICTION AND VENUE

4. This Honorable Court maintains subject matter jurisdiction over this matter 735 ILCS 5/2-209 as Defendant, Church Mutual, transacts business within this state.

5. This Honorable Court maintains personal jurisdiction pursuant to Illinois's Long-Arm Statute, 735 ILCS 5/2-209, and the United States Constitution's 14th Amendment Due Process Clause. This Original Complaint addresses New Horizon UMC's roof damages suffered in Illinois.

6. This Honorable Court maintains venue under 735 ILCS 5/2-101. New Horizon UMC's purchased the insurance policy at issue in Champaign County.

## III. FACTUAL STATEMENT

7. New Horizon UMC owns a church located at 3002 West Bloomington Road, Champaign, Illinois 61822. During the time period relevant to this Original Complaint, New Horizon UMC operated the facility as a United Methodist Church.

8. Church Mutual provides property insurance to New Horizon UMC. Church Mutual's policy remained in full force and effect from February 21, 2016 to February 21, 2019.

9. On or about June 10, 2018, New Horizon UMC suffered severe damage when a hail-bearing, windstorm passed through Champaign County. This damage included substantial, immediate roof damage as the direct result of the hail-bearing windstorm. The hail-bearing windstorm caused kinking to the metal panels, damage to the gutters, and deformation of the metal panels.

---

[1] Exhibit A, Church Mutual's Secretary of State records from the State of Wisconsin showing, *inter alia*, "Entity Type: Non-Stock Corporation."

10. New Horizon UMC took immediate action to mitigate building damage and notified Church Mutual of its loss.

11. New Horizon UMC's notice to Church Mutual was timely and proper, and fully satisfied all policy notice requirements.

12. Church Mutual's insurance policy covers New Horizon UMC's hail-bearing storm and windstorm damages.

13. On or about September 27, 2019, Church Mutual sent its adjuster, Stivers and Powers, Inc. ("Stivers"), to prepare a damage estimate, which was finalized on or about October 4, 2018. New Horizon UMC identified several inadequacies, in Stivers' three thousand, seven hundred fifty-three dollars and ninety-nine cents ($3,753.99) estimate.

14. On or about October 12, 2018, New Horizons UMC retained Premier Claims ("Premier"), a public adjusting firm. Premier Claims sent an adjuster to prepare a damage estimate and found that the roof had been damaged by the hail-bearing windstorm.

15. On or about October 15, 2018, Church Mutual sent a letter to Premier, providing Premier with a copy of the estimate from Stivers, along with a check in the amount of one thousand, two hundred fifty-three dollars and ninety-nine cents ($1,253.99). Church Mutual's Statement of Loss stated that New Horizon UMC's deductible of two thousand, five hundred dollars ($2,500.00) was applied.

16. On or about October 23, 2018, Church Mutual sent a letter to New Horizon UMC, informing New Horizon UMC that it was "unable to provide coverage or payment for non-wind related damage to the roofing system, or interior water damage," as the interior water damage was not related to wind or hail, just poor construction. Church Mutual's letter did note, however, that Mr. Rhett Mays', an employee at Stivers, inspection revealed some wind and hail damage.

17. On or about November 14, 2018, Stivers sent Senior Roof Consultant, Mr. Robert Boeseen, from Grayco Roofing Consultants to inspect the lower roofing section. Mr. Boessen was unable to inspect the upper roofing section due to snow and ice.

18. On or about November 20, 2018, Stivers sent Grayco Consultant and Director of Operations, Mr. Christopher Demien, to inspect the upper roofing section.

19. On or about December 3, 2018, Church Mutual sent a letter to Premier, asking for an additional thirty (30) days to complete its investigation, as Church Mutual was waiting for reports and photographs from the consultants.

20. On or about January 11, 2019, Church Mutual sent a letter to Premier stating that it was "unable to provide coverage or additional payment," because the denting, kinking, and scratching was a result of improper installation methods and tools, and not from wind or hail damage. Further, Church Mutual alleges that the damage to the gutters was caused by ice sliding off the roof, and that any deformations of the panels was a result of thermal movement over time.

21. At some time shortly after the loss, New Horizon UMC assigned its rights to Legacy Roofing.

22. At all times, New Horizon UMC has taken and continues to take reasonable and prompt action regarding mitigation efforts.

23. New Horizon UMC has fully and promptly complied with all Church Mutual's information and inspection demands.

24. New Horizon UMC has fully cooperated with and continues to fully cooperate with Church Mutual's claim investigation and adjustment.

25. New Horizon UMC has fully complied with all duties Church Mutual's insurance policy imposes.

26. All conditions precedent for New Horizon's recovery from Church Mutual have occurred, been

4

performed, or have been waived.

27. Church Mutual's breach of contract and vexatious choice to withhold insurance claim proceeds payment proximately caused New Horizon UMC to incur contractual, consequential and tort damages.

## COUNT I
## Breach of Contract

28. New Horizon UMC restates and incorporates the allegations detailed in paragraphs 1-27.

29. Church Mutual's conduct constitutes a breach of the insurance contract.

30. Church Mutual's property insurance policy remains a valid, binding and enforceable contract between Church Mutual and New Horizon UMC.

31. Church Mutual's property insurance policy remains an "all-risk" policy allowing recovery for all fortuitous losses or damage to covered property, subject to certain particular policy exclusions. The hail-bearing, windstorm damage here remains a covered loss.

32. New Horizon UMC contracted for and purchased the insurance policy from Church Mutual. New Horizon UMC remains entitled to receive full insurance coverage for all direct physical loss of and damage to the insured property and lost business income as a result of the covered loss. Church Mutual's contract breach further entitles New Horizon UMC to recover its consequential damages the hail-bearing, windstorm caused.

33. On or about June 10, 2018, New Horizon UMC suffered a direct physical loss of and damage to its insured building.

34. Church Mutual's insurance policy makes Church Mutual responsible for paying New Horizon UMC's property damage and consequential damages losses the hail-bearing, windstorm caused.

35. New Horizon UMC gave Church Mutual proper and timely insurance claim notice.

36. New Horizon UMC satisfied all policy-imposed duties and obligations.

5

37. Church Mutual breached the insurance policy contract in choosing to withhold insurance claim proceeds payment for New Horizon UMC's insured losses.

38. Church Mutual breached the insurance policy contract in choosing to withhold prompt and full insurance claim proceeds payment for New Horizon UMC's insured losses.

39. Church Mutual breached the insurance policy contract in negligently, grossly negligently, recklessly, and intentionally choosing not to conduct a full and fair investigation and adjustment regarding New Horizon UMC's insured losses.

40. On information and belief, Church Mutual has committed additional breaches of contract.

## COUNT II
## 215 ILCS 5/155

41. New Horizon UMC restates and incorporates the allegations detailed in paragraphs 1-41.

42. Church Mutual's choice to deny and withhold insurance claim payment for New Horizon UMC's insured losses remains without just cause or excuse.

43. Church Mutual's choice to deny and withhold prompt and full insurance claim payment for New Horizon UMC's insured losses remains without just cause or excuse.

44. Church Mutual's choices makes New Horizon UMC entitled to recover reasonable attorney fees as described in 215 ILCS 5/155.

## DEMAND FOR RELIEF

Wherefore, New Horizon UMC pleads for an amount of damages in excess of $50,000.00, damages consistent with 215 ILCS 5/155 and for any and all additional relief that this Court deems appropriate.

Respectfully submitted,

HASSAKIS & HASSAKIS, P.C.,
Attorneys for Plaintiff,
LEGACY ROOFING & RESTORATION,
L.L.C., as assignee of NEW HORIZON
UNITED METHODIST CHURCH


By: _____/s/ Joshua A. Humbrecht_____
          Joshua A. Humbrecht

Attorneys for Plaintiff:
HASSAKIS & HASSAKIS, P.C.
206 South Ninth Street, Suite 201
Post Office Box 706
Mount Vernon, IL 62864
Phone: (618) 244-5335
Fax:   (618) 244-5330
Email: jhumb@hassakislaw.com
ARDC No.:   6300072

## DEMAND FOR TRIAL BY JURY

Now comes the Plaintiff, LEGACY ROOFING & RESTORATION, L.L.C., as assignee of NEW HORIZONS UNITED METHODIST CHURCH, by its attorneys, HASSAKIS & HASSAKIS, P.C., and hereby demands a jury trial in the above cause by a jury of twelve persons.

                HASSAKIS & HASSAKIS, P.C.,
                Attorneys for Plaintiff,
                LEGACY ROOFING & RESTORATION,
                L.L.C., as assignee of NEW HORIZON
                UNITED METHODIST CHURCH

                By:     /s/ Joshua A. Humbrecht
                        Joshua A. Humbrecht

Attorneys for Plaintiff:
HASSAKIS & HASSAKIS, P.C.
206 South Ninth Street, Suite 201
Post Office Box 706
Mount Vernon, IL 62864
Phone: (618) 244-5335
Fax:   (618) 244-5330
Email: jhumb@hassakislaw.com
ARDC No.:   6300072

6/7/2019     CHURCH MUTUAL INSURANCE COMPANY FOUNDATION, INC. (C091723)

# Wisconsin Department of Financial Institutions
Strengthening Wisconsin's Financial Future

Search for: church mutual insurance     [Search Records]    Search / Advanced Search / Name Availability

**Corporate Records**     Result of lookup for C091723 (at 6/7/2019 2:52 PM )

## CHURCH MUTUAL INSURANCE COMPANY FOUNDATION, INC.

You can: File an Annual Report - Request a Certificate of Status - File a Registered Agent/Office Update Form

### Vital Statistics

| | |
|---|---|
| Entity ID | C091723 |
| Registered Effective Date | 07/16/2015 |
| Period of Existence | PER |
| Status | Incorporated/Qualified/Registered   Request a Certificate of Status |
| Status Date | 07/16/2015 |
| Entity Type | Non-Stock Corporation |
| Annual Report Requirements | Non-stock Corporations are required to file an Annual Report under s. 181.1622 WI Statutes. |

### Addresses

| | |
|---|---|
| Registered Agent Office | MICHAEL M. SMITH<br>3000 SCHUSTER LN<br>PO BOX 357<br>MERRILL, WI 54452<br><br>File a Registered Agent/Office Update Form |
| Principal Office | 3000 SCHUSTER LN<br>PO BOX 357<br>MERRILL, WI 54452 |

### Historical Information

**Annual Reports**

| Year | Reel | Image | Filed By | Stored On |
|---|---|---|---|---|
| 2018 | 000 | 0000 | online | database |
| 2017 | 000 | 0000 | online | database |
| 2016 | 000 | 0000 | online | database |

File an Annual Report - Order a Document Copy



EXHIBIT A

| | |
|---|---|
| Certificates of Newly-elected | None |

https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=C091723&hash=210165672&searchFunctionID=3c310799-cdc1-421d-886b-e5ad16bdd...    1/2

6/7/2019                          CHURCH MUTUAL INSURANCE COMPANY FOUNDATION, INC. (C091723)

**Officers/Directors**

**Old Names**      None

**Chronology**

| Effective Date | Transaction | Filed Date | Description |
|---|---|---|---|
| 07/16/2015 | Incorporated/Qualified/Registered | 07/27/2015 | |
| 08/29/2017 | Change of Registered Agent | 08/29/2017 | OnlineForm 13 |

Order a Document Copy



FILED
SIXTH JUDICIAL CIRCUIT
6/10/2019 4:57 PM
By: JH

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## SIXTH JUDICIAL CIRCUIT COURT FOR CHAMPAIGN COUNTY
## STATE OF ILLINOIS

| | |
|---|---|
| LEGACY ROOFING & RESTORATION, L.L.C., as assignee of NEW HORIZON UNITED METHODIST CHURCH, | |
| Plaintiff, | |
| v. | Case No.: 2019L 000072 |
| CHURCH MUTUAL INSURANCE COMPANY FOUNDATION, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)

The undersigned, being first duly sworn, under oath, states pursuant to Supreme Court Rule 222(b), after consultation with Plaintiff, that he believes that the money damages involved in this case will exceed Fifty Thousand and 00/100ths Dollars ($50,000.00), plus costs of suit.

_____
Joshua A. Humbrecht

Subscribed and sworn to before me this 10th day of June, 2019, A.D.

_____
Notary Public

J MICHELLE BINEGAR
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 19, 2019