IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LEGACY ROOFING & RESTORATION, L.L.C., as assignee of NEW HORIZON UNITED METHODIST CHURCH, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:19-cv-02185-CSB-EIL |
| CHURCH MUTUAL INSURANCE COMPANY, | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Legacy Roofing & Restoration, L.L.C. ("Legacy Roofing") as assignee of New Horizon United Methodist Church ("New Horizon UMC"), by and through counsel, files Plaintiff's First Amended Complaint against Church Mutual Insurance Company ("Church Mutual") pursuant to the Federal Rules of Civil Procedure. Supporting this Original Complaint, New Horizon UMC respectfully shows this Honorable Court as follows:

### I. PARTIES

1. Plaintiff, New Horizon UMC, by and through its assignee, Legacy Roofing, is a non-profit corporation organized and existing under Illinois law. The member of New Horizon UMC is Sara Easter, who is domiciled in Illinois.

2. Plaintiff, Legacy Roofing, assignee of New Horizon UMC, is a limited liability company organized and existing under Illinois law. The members of Legacy Roofing are as follows:

   a. Kayleb Charles Burritt, who is domiciled in Illinois; and

   b. Amanda Rose Cleys, who is domiciled in Illinois.

3. Defendant, Church Mutual, is a foreign insurance company organized and existing as a Wisconsin corporation, whose principal place of business is 3000 Schuster Lane, Merrill, Wisconsin 54452. Upon information and belief, Church Mutual is authorized to do and does business within Illinois and this Honorable Court's jurisdiction. Church Mutual may be served through its registered agent, Michael M. Smith, at 3000 Schuster Lane, Merrill, Wisconsin 54452.

## II. JURISDICTION AND VENUE

4. Pursuant to Church Mutual's Notice of Removal entered into the record on or about July 11, 2019, this Honorable Court maintains subject matter jurisdiction, personal jurisdiction, and venue.

## III. FACTUAL STATEMENT

5. New Horizon UMC owns a church located at 3002 West Bloomington Road, Champaign, Illinois 61822. During the time period relevant to this Original Complaint, New Horizon UMC operated the facility as a United Methodist Church.

6. Church Mutual provides property insurance to New Horizon UMC. Church Mutual's policy remained in full force and effect from February 21, 2016 to February 21, 2019, a copy of said policy is attached and incorporated by reference as Exhibit A.

7. On or about June 10, 2018, New Horizon UMC suffered severe damage when a hail-bearing, windstorm passed through Champaign County. This damage included substantial, immediate roof damage as the direct result of the hail-bearing windstorm. The hail-bearing windstorm caused kinking to the metal panels, damage to the gutters, and deformation of the metal panels.

8. New Horizon UMC took immediate action to mitigate building damage and notified Church Mutual of its loss.

9. New Horizon UMC's notice to Church Mutual was timely and proper, and fully satisfied all policy notice requirements.

10. Church Mutual's insurance policy covers New Horizon UMC's hail-bearing storm and windstorm damages.

11. On or about September 27, 2019, Church Mutual sent its adjuster, Stivers and Powers, Inc. ("Stivers"), to prepare a damage estimate, which was finalized on or about October 4, 2018. New Horizon UMC identified several inadequacies, in Stivers' three thousand, seven hundred fifty-three dollars and ninety-nine cents ($3,753.99) estimate.

12. On or about October 12, 2018, New Horizons UMC retained Premier Claims ("Premier"), a public adjusting firm. Premier Claims sent an adjuster to prepare a damage estimate and found that the roof had been damaged by the hail-bearing windstorm.

13. On or about October 15, 2018, Church Mutual sent a letter to Premier, providing Premier with a copy of the estimate from Stivers, along with a check in the amount of one thousand, two hundred fifty-three dollars and ninety-nine cents ($1,253.99). Church Mutual's Statement of Loss stated that New Horizon UMC's deductible of two thousand, five hundred dollars ($2,500.00) was applied.

14. On or about October 23, 2018, Church Mutual sent a letter to New Horizon UMC, informing New Horizon UMC that it was "unable to provide coverage or payment for non-wind related damage to the roofing system, or interior water damage," as the interior water damage was not related to wind or hail, just poor construction. Church Mutual's letter did note, however, that Mr. Rhett Mays', an employee at Stivers, inspection revealed some wind and hail damage.

15. On or about November 14, 2018, Stivers sent Senior Roof Consultant, Mr. Robert Boeseen, from Grayco Roofing Consultants to inspect the lower roofing section. Mr. Boessen was unable to inspect the upper roofing section due to snow and ice.

16. On or about November 20, 2018, Stivers sent Grayco Consultant and Director of Operations,

Mr. Christopher Demien, to inspect the upper roofing section.

17. On or about December 3, 2018, Church Mutual sent a letter to Premier, asking for an additional thirty (30) days to complete its investigation, as Church Mutual was waiting for reports and photographs from the consultants.

18. On or about January 11, 2019, Church Mutual sent a letter to Premier stating that it was "unable to provide coverage or additional payment," because the denting, kinking, and scratching was a result of improper installation methods and tools, and not from wind or hail damage. Further, Church Mutual alleges that the damage to the gutters was caused by ice sliding off the roof, and that any deformations of the panels was a result of thermal movement over time.

19. At some time shortly after the loss, New Horizon UMC assigned its rights to Legacy Roofing.

20. At all times, New Horizon UMC has taken and continues to take reasonable and prompt action regarding mitigation efforts.

21. New Horizon UMC has fully and promptly complied with all Church Mutual's information and inspection demands.

22. New Horizon UMC has fully cooperated with and continues to fully cooperate with Church Mutual's claim investigation and adjustment.

23. New Horizon UMC has fully complied with all duties Church Mutual's insurance policy imposes.

24. All conditions precedent for New Horizon's recovery from Church Mutual have occurred, been performed, or have been waived.

25. Church Mutual's breach of contract and vexatious choice to withhold insurance claim proceeds payment proximately caused New Horizon UMC to incur contractual, consequential and tort damages.

## COUNT I
### Breach of Contract

26. New Horizon UMC restates and incorporates the allegations detailed in paragraphs 1-25.

27. Church Mutual's conduct constitutes a breach of the insurance contract.

28. Church Mutual's property insurance policy remains a valid, binding and enforceable contract between Church Mutual and New Horizon UMC.

29. Church Mutual's property insurance policy remains an "all-risk" policy allowing recovery for all fortuitous losses or damage to covered property, subject to certain particular policy exclusions. The hail-bearing, windstorm damage here remains a covered loss.

30. New Horizon UMC contracted for and purchased the insurance policy from Church Mutual. New Horizon UMC remains entitled to receive full insurance coverage for all direct physical loss of and damage to the insured property and lost business income as a result of the covered loss. Church Mutual's contract breach further entitles New Horizon UMC to recover its consequential damages the hail-bearing, windstorm caused.

31. On or about June 10, 2018, New Horizon UMC suffered a direct physical loss of and damage to its insured building.

32. Church Mutual's insurance policy makes Church Mutual responsible for paying New Horizon UMC's property damage and consequential damages losses the hail-bearing, windstorm caused.

33. New Horizon UMC gave Church Mutual proper and timely insurance claim notice.

34. New Horizon UMC satisfied all policy-imposed duties and obligations.

35. Church Mutual breached the insurance policy contract in choosing to withhold insurance claim proceeds payment for New Horizon UMC's insured losses.

36. Church Mutual breached the insurance policy contract in choosing to withhold prompt and full insurance claim proceeds payment for New Horizon UMC's insured losses.

37. Church Mutual breached the insurance policy contract in negligently, grossly negligently, recklessly, and intentionally choosing not to conduct a full and fair investigation and adjustment regarding New Horizon UMC's insured losses.

38. On information and belief, Church Mutual has committed additional breaches of contract.

## COUNT II
## 215 ILCS 5/155

39. New Horizon UMC restates and incorporates the allegations detailed in paragraphs 1-38.

40. Church Mutual's choice to deny and withhold insurance claim payment for New Horizon UMC's insured losses remains without just cause or excuse.

41. Church Mutual's choice to deny and withhold prompt and full insurance claim payment for New Horizon UMC's insured losses remains without just cause or excuse.

42. Church Mutual's choices makes New Horizon UMC entitled to recover reasonable attorney fees as described in 215 ILCS 5/155.

## DEMAND FOR RELIEF

Wherefore, New Horizon UMC pleads for an amount of damages in excess of $50,000.00, damages consistent with 215 ILCS 5/155 and for any and all additional relief that this Court deems appropriate.

Respectfully submitted,

HASSAKIS & HASSAKIS, P.C.,
Attorneys for Plaintiff,
LEGACY ROOFING & RESTORATION,
L.L.C., as assignee of NEW HORIZON
UNITED METHODIST CHURCH


By: _____/s/ Joshua A. Humbrecht_____
          Joshua A. Humbrecht

Attorneys for Plaintiff:
HASSAKIS & HASSAKIS, P.C.
206 South Ninth Street, Suite 201
Post Office Box 706
Mount Vernon, IL 62864
Phone: (618) 244-5335
Fax:   (618) 244-5330
Email: jhumb@hassakislaw.com
ARDC No.:   6300072

## DEMAND FOR TRIAL BY JURY

Now comes the Plaintiff, LEGACY ROOFING & RESTORATION, L.L.C., as assignee of NEW HORIZONS UNITED METHODIST CHURCH, by its attorneys, HASSAKIS & HASSAKIS, P.C., and hereby demands a jury trial in the above cause by a jury of twelve persons.

HASSAKIS & HASSAKIS, P.C.,
Attorneys for Plaintiff,
LEGACY ROOFING & RESTORATION,
L.L.C., as assignee of NEW HORIZON
UNITED METHODIST CHURCH

By: _____/s/ Joshua A. Humbrecht_____
Joshua A. Humbrecht

Attorneys for Plaintiff:
HASSAKIS & HASSAKIS, P.C.
206 South Ninth Street, Suite 201
Post Office Box 706
Mount Vernon, IL 62864
Phone: (618) 244-5335
Fax:    (618) 244-5330
Email: jhumb@hassakislaw.com
ARDC No.:    6300072